IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TROY MARTIN, #21567-424, )
)
          **Petitioner,** )
)
vs. ) Case No. 17-cv-0842-SMY
)
T. G. WERLICH, )
)
          **Respondent.** )

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

    Petitioner Troy Martin, an inmate in the Bureau of Prisons, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on August 7, 2017. (Doc. 1). Martin was sentenced to life imprisonment in 2007 after a jury found him guilty of a large-scale drug distribution conspiracy. *United States v. Troy Martin, et al.*, No. 04-cr-0495-1, Doc. 1791-1 (N.D. Ill. May 4, 2007). Martin's sentence was based in part on the jury's finding that he was responsible for distribution of more than 50 grams of crack cocaine and more than 5 kilograms of powder cocaine, but was also driven by factors unrelated to the specific quantity of drugs, including his prior murder conviction and subsequent role in organizing and leading a Chicago gang. *Id*. at Doc. 2483, pp. 2–3. Martin's Sentencing Guidelines range was also enhanced pursuant to U.S.S.G. § 3B1.5(1) and (2)(A) after the sentencing court found that Martin's offense conduct involved the use of body armor. *Id*. at Doc. 1752, p. 2; (Doc. 12, pp. 6–7). Martin's life sentence was later reduced to 360 months' imprisonment. *Martin*, No. 04-cr-0495-1, Doc. 2818 (N.D. Ill. Aug. 15, 2016).

    Martin now invokes *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016) to challenge the enhancement for the use of body armor in drug trafficking crimes. Specifically, he argues that

the sentencing court erred in finding that he qualified for the body armor enhancement and that his actual conduct "f[ell] outside the scope of [the body armor enhancement]." (Doc. 1, p. 4). Respondent opposes issuance of the Writ on two grounds: (1) Martin's allegedly incorrectly-calculated Guidelines range based on the body armor enhancement cannot satisfy the requirements of § 2255(e)'s savings clause because his sentence fell within the statutory maximum penalty for his crimes of conviction notwithstanding the body armor enhancement (Doc. 12, pp. 3–5); and (2) *Mathis*' rationale is wholly inapplicable to Martin's body armor enhancement and cannot be the basis for his requested relief. (*Id*. at pp. 5–6). Martin replied to Respondent's Response. (Doc. 14).

This matter is now ripe for resolution. For the reasons discussed below, Martin's § 2241 Petition (Doc. 1) will be **DENIED**.

## Procedural History and Relevant Facts

On October 12, 2006, a jury found Martin guilty of one Count of Conspiracy to Possess with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, and 18 U.S.C. § 2, and sixteen Counts of Use of a Communication Facility to Facilitate the commission of the Distribution of a Controlled Substance in violation of 21 U.S.C. § 843(b). *United States v. Troy Martin, et al.*, 04-cr-0495-1, Doc. 1484 (N.D. Ill. Oct. 12, 2006). The jury specifically found that "Troy Martin was responsible for distribution of more than 50 grams of crack cocaine [also referred to as "cocaine base"] and more than 5 kilograms of powder cocaine." *Id*. at Doc. 2483, p. 2. As a result, Martin's statutory sentencing range included a maximum of life imprisonment. 21 U.S.C. § 841(b)(1)(A)(ii). The Presentence Report ("PSR") applied the Guidelines' body armor enhancement pursuant to U.S.S.G. § 3B1.5(1) and (2)(A), which added

two offense levels to Martin's Guidelines calculation. *Id*. at Doc. 1752, p. 2;[1] (Doc. 12, pp. 6–7). Martin was ultimately sentenced to life imprisonment on May 4, 2007, *id*. at Doc. 1791-1.

Martin filed a direct appeal relating to the district court's pretrial and trial rulings and also challenged aspects of his sentencing. His conviction and sentence was affirmed in all respects except for a "limited remand[] for reconsideration" of Martin's sentences in light of 2007 amendments to the Guidelines regarding the disparity between sentencing ranges for crack and powder cocaine. *United States v. Martin, et al.*, 618 F.3d 705, 739 (7th Cir. 2010). On remand, the sentencing court declined to modify Martin's life sentence, *United States v. Martin, et al.*, No. 04-cr-0495, Doc. 2483, pp. 2–3, 7 (N.D. Ill. Oct. 7, 2011); this decision was affirmed on appeal. *United States v. Martin, et al.*, No. 07-2272, 2011 WL 5519811, at \*\*1–3 (7th Cir. Nov. 14, 2011).

Martin has also sought relief under 28 U.S.C. § 2255. His first motion, filed in March 2013, argued that his trial counsel was "constitutionally ineffective with respect to the plea bargaining process." It was denied by the district court and the denial was affirmed by the Seventh Circuit on appeal. *Martin v. United States*, No. 13-3826, Doc. 33 (7th Cir. June 12, 2015).

In 2016, Martin sought a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on a Guidelines amendment that lowered the base offense levels for certain drug offenses. The district court recalculated his Guidelines range at 360 months to life, which included the 2-level enhancement for use of body armor, and granted the motion, thereby reducing Martin's life sentence to 360 months' imprisonment. *United States v. Troy Martin, et al.*, No. 04-cr-0495-1, Doc. 2818 (N.D. Ill. Aug. 15, 2016).

Martin filed an application for leave to file a second § 2255 motion on June 26, 2017,

---

[1] The Presentence Report is filed under seal at Doc. 1825 in Martin's criminal case, *United States v. Martin, et al.*, Case No. 04-cr-0495-1 (N.D. Ill. June 25, 2007). Because it is sealed, this Court was unable to access it, and Respondent has not provided a copy to the Court. However, Martin's objection to the report (Doc. 1752) references the 2-level enhancement based on the body armor finding in the PSR.

arguing *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016) invalidated his body armor Guidelines enhancement and sentence. *Martin v. United States*, No. 17-2317, Doc. 1 (7th Cir. June 26, 2017). The Seventh Circuit summarily denied Martin's application. *Id.* at Doc. 2.

## **Applicable Legal Standards**

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Aside from the direct appeal process, a § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is generally limited to *one* challenge of his conviction and sentence under § 2255. A prisoner may not file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion either 1) contains newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) invokes "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, however, it is possible for a prisoner to challenge his federal conviction or sentence under § 2241. 28 U.S.C. § 2255(e) contains a "savings clause" under which a federal prisoner can file a § 2241 petition when the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant

*any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

Following *Davenport*, a petitioner must meet three conditions to trigger the savings clause. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). In other words, something more than a lack of success with a § 2255 motion must exist before the savings clause is satisfied." *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

## Analysis

In light of *Mathis*, Martin argues the body armor enhancement was improperly applied to his Guidelines range. (Doc. 1, pp. 3–6). Before reaching the merits of this argument, the Court must first consider whether Martin's claim can be brought within the narrow scope of § 2255's savings clause. The Court agrees with Respondent that Martin cannot demonstrate the existence of a fundamental defect in his conviction or sentence that is grave enough to be deemed a miscarriage of justice, and thus he cannot satisfy the requirements of § 2255(e)'s savings clause to bring his *Mathis* claim in a § 2241 petition.

Some errors can be raised on direct appeal but not in a collateral attack by a § 2255 motion or a § 2241 petition. A claim that a defendant's Guidelines sentencing range was erroneously calculated is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013); *see also United States v.*

*Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.").

The Sentencing Guidelines have been advisory since the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). *Perry v. United States*, 877 F.3d 751, 754 (7th Cir. 2017). Despite Martin's conclusory statement to the contrary, (Doc. 14, p. 3), he was sentenced in 2007, **after** the *Booker* decision. *United States v. Martin*, No. 04-cr-0495-1, Doc. 1791-1 (N.D. Ill. May 4, 2007). The applicable statutory sentencing range for Martin's conviction was 10 years to life imprisonment, pursuant to 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A)(ii). Thus, both Martin's original life sentence and its subsequent reduction to 360 months imprisonment fell within the statutory maximum sentence for his conviction.

Martin argues that he could not have brought his claim within a year of his final conviction in 2007 because the argument he raises was foreclosed to him until after *Mathis* was decided in 2016. Even assuming, *arguendo*, that the first and second *Davenport* criteria have been met,[2] *Hawkins* dictates that an erroneous application of the advisory guidelines does not amount to a "miscarriage of justice" (the third *Davenport* factor) so long as the sentence is within the applicable statutory limit. Therefore, Martin's Petition does not meet the criteria to bring his claim within § 2255(e)'s savings clause.

The issue in *Hawkins* was analogous to the issue raised by Martin: the alleged miscalculation of an advisory Guideline range, based on an enhancement factor (here, the body

---

[2] Because *Hawkins* dictates that Martin cannot possibly satisfy *Davenport*'s "miscarriage of justice" factor, which is dispositive of his Petition, the Court need not decide whether Martin has satisfied the other two *Davenport* factors.

armor) which Martin argues is impermissible under current law. In its supplemental opinion on denial of rehearing in *Hawkins*, the Seventh Circuit summarized its holding: "an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant had . . . been sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *Hawkins*, 724 F.3d at 916 (internal citations omitted). Thus, *Hawkins* remains binding precedent in this Circuit and Martin's Petition must be dismissed.

## Conclusion

For the above reasons, Martin's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: June 18, 2019**

<u>s/ Staci M. Yandle</u>
**STACI M. YANDLE**
**United States District Judge**